**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**KACY WILLIAMS**                                                                                          **PLAINTIFF**

**V.**                                                                                          **NO. 4:22-CV-175-DMB-DAS**

**STATE OF MISSISSIPPI**                                                                                          **RESPONDENT**

**ORDER**

On or about October 11, 2022, Kacy Williams filed in the United States District Court for the Northern District of Mississippi a "Petition Seeking a Judicial Review" challenging his conviction in the Circuit Court of Leflore County, Mississippi, for one count of possession of a firearm by a convicted felon. Doc. #1 at 1. The Court construed the document as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and on November 9, 2022, ordered Williams to submit the proper form for seeking habeas corpus relief to amend the initial petition. Doc. #4. On November 23, 2022, Williams amended his petition for a writ of habeas corpus by submitting the proper form. Doc. #6.

The Antiterrorism and Effective Death Penalty Act requires that before a second or successive petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section "2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). While "a district court may dispose of applications lacking authorization through dismissal" for lack of jurisdiction, it may, pursuant to 28 U.S.C. § 1631, transfer such a petition to the Fifth Circuit, the court with jurisdiction over the action, "upon a finding that the petition is successive." *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

Williams has filed at least one unsuccessful § 2254 petition challenging the same conviction

he challenges here. *See Williams v. State of Mississippi*, No. 4:19-cv-95 (N.D. Miss. Mar. 23, 2021), *aff'd*, No. 21-60354, 2022 WL 12524900 (5th Cir. Mar. 28, 2022), *cert. denied*, 142 S. Ct. 2843 (2022). However, Williams has not obtained an order of authorization to purse this successive petition. In the interest of justice and judicial economy, Williams' petition and the entire record of this case shall be **TRANSFERRED** to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) & (b)(3)(c), and 28 U.S.C. § 1631. This case is **CLOSED**.

      **SO ORDERED**, this 6th day of December, 2022.

                                                    /s/Debra M. Brown
                                                    **UNITED STATES DISTRICT JUDGE**