# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-60644

---

In re Kacy Williams,

*Movant.*

---

Motion for an Order Authorizing
the United States District Court
for the Northern District of Mississippi
to Consider a Successive 28 U.S.C. § 2254 Application
USDC No. 4:22-CV-175

---

A True Copy
Certified order issued Mar 06, 2023

Lyle W. Cayce
Clerk, U.S. Court of Appeals, Fifth Circuit

UNPUBLISHED ORDER

Before Stewart, Willett, and Douglas, *Circuit Judges.*

Per Curiam:

Kacy Williams, Mississippi prisoner # 59970, was convicted of possession of a firearm by a convicted felon and was sentenced to life imprisonment as a habitual offender. He now moves for authorization to file a successive 28 U.S.C. § 2254 application. Williams argues that he is actually innocent, that there is insufficient evidence to support his conviction, that his sentence was based on an irrelevant statement by the prosecutor, and that his sentence was excessive.

We may authorize the filing of a successive § 2254 application only if the prisoner makes a prima facie showing that the claim relies on (1) "a new

rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(A), (B); *see* § 2244(b)(3)(C).

Williams has not made the requisite prima facie showing. Furthermore, this court "does not recognize freestanding claims of actual innocence" on postconviction review. *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009). Also, Williams may not assert his actual innocence as a gateway that allows him to overcome the bar to successive filing without satisfying § 2244(b). *In re Palacios*, 58 F.4th 189, 190 (5th Cir. 2023); *Jackson v. Lumpkin*, 25 F.4th 339, 341-42 (5th Cir. 2022).

Accordingly, IT IS ORDERED that Williams motion for authorization to file a successive § 2254 application is DENIED.